UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| APRIL KIRKMAN,<br><br>        Plaintiff,<br><br>        v.<br><br>USA CONGRESS, et al.,<br><br>        Defendants. | No. ED CV 17-2010-AG (PLA)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff filed a *pro se* civil rights action herein on October 2, 2017. (ECF No. 1).[1] Plaintiff subsequently was granted leave to proceed *in forma pauperis* ("IFP"). (ECF No. 10). On October 3, 2017, the assigned District Judge denied plaintiff's application for a temporary restraining order because of the many deficiencies in plaintiff's application. (ECF No. 5). The District Judge noted, among other deficiencies, that the documents that plaintiff had filed do not "clearly show" any "supposed threat of immediate or irreparable injury sufficient to justify" the emergency relief of a temporary restraining order. (*Id.* at 2). Further, plaintiff had failed to show that she is "likely to succeed on the merits," and she had not "explained what this case is about." (*Id.*). The District Judge apprised plaintiff of the availability of "significant resources" for people appearing without the assistance of counsel at the "Federal *Pro Se* Clinic" at the Santa Ana Federal Courthouse.

---

[1] This case was reassigned to the below Magistrate Judge on April 30, 2018. (ECF No. 13).

(*Id.*).  In addition, plaintiff was admonished that, if she decides to proceed in this action without representation of counsel, she will be "bound by the rules of procedure" for federal court cases. (*Id.* at 3); see, e.g., Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); Local Rule 1-3.

Plaintiff filed the operative pleading herein, the First Amended Complaint ("FAC"), on April 26, 2018.  (ECF No. 11).  The caption of the FAC names only the "United States Congress" and then states "refer to attached #2."  Plaintiff did not file any attachments with the FAC.  (See ECF No. 11).  Within the body of the FAC, plaintiff also appears to list other defendants, including two divisions of the Riverside County "Department of Public Social Services."  (*Id.* at 2).  Plaintiff did file an Amended Certification and Notice of Interested Parties ("Notice"), which references an "Attached #1" and an "Attached #2" (ECF No. 12 at 1), and appears to list multiple minor children in an "Attachment #1" (*id.* at 2), and multiple defendants in another attachment (*id.* at 3-4).  Plaintiff is admonished that this Notice is not part of plaintiff's FAC.  Pursuant to Fed. R. Civ. P. 10, the caption of a complaint must include all defendants listed in the body of the pleading.  Accordingly, to the extent that plaintiff wishes to name any defendant listed in any attachment, she must clearly set forth each such defendant in both the caption of a Second Amended Complaint and in the body of the same document.  Further, to the extent that plaintiff is purporting to file this action on behalf of other plaintiffs (see ECF No. 11 at 1 ("see attached #1" indicated in area in which to list plaintiffs)), as a non-attorney, plaintiff may not represent the claims of any other individual, even her minor children.  See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  A non-attorney parent may not litigate a claim on behalf of a minor child.  Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer").

Because plaintiff is proceeding IFP in this civil action, the Court has screened the FAC pursuant to 28 U.S.C. § 1915(e)(2) prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  Section 1915(e)(2) applies to any action by a litigant who is proceeding IFP.  See, e.g., Shirley v. Univ. of Idaho, 800

F.3d 1193 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); Lopez v. Smith, 203 F.3d 1122, 1127, n.7 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints" and "district courts [should] dismiss a complaint that fails to state a claim upon which relief may be granted") (en banc).

The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under 28 U.S.C. §1915(e)(2), courts apply the standard of Fed. R. Civ. P. 12(b)(6)). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 668, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)). Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Finally, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

After careful review of the FAC under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state a claim against the named defendant. Accordingly, the FAC is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

**If plaintiff desires to pursue this action, she is ORDERED to file a Second Amended Complaint no later than June 20, 2018, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if she fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.[2]**

## DISCUSSION

Plaintiff's FAC fails to comply with Federal Rule of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Rule 8(d)(1) provides: "Each allegation **must be simple, concise, and direct**. No technical form is required." (Emphasis added). Although the Court must construe a *pro se*

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179; Nevijel, 651 F.2d at 673.

Initially, plaintiff only names the "United States Congress" as a defendant. (ECF No. 11 at 1). As a general rule, the United States enjoys sovereign immunity, and this immunity extends to federal agencies and officers acting in their official capacities. Absent a waiver, sovereign immunity shields the federal government and its agencies from **suit,** and absent that waiver, courts lack jurisdiction to hear claims against the United States. Accordingly, this Court lacks subject matter jurisdiction to hear any constitutional tort claims against the United States and its agencies, because the United States has not waived sovereign immunity with respect to such claims. See, e.g., Jachetta v. United States, 653 F.3d 898, 904 (9th Cir. 2011) (citing FDIC v. Meyer, 510 U.S. 471, 478, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)); Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir.1985); Gilbert v. DaGrossa, 756 F.2d 1455, 1460 n.6 (9th Cir. 1985). Further, the "bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." Gilbert, 756 F.2d at 1458.

Additionally, plaintiff appears to list state agencies as defendants in the body of the FAC. (ECF No. 11 at 2). The state of California and its agencies also are entitled to sovereign immunity. In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states, state agencies, and state officials sued in their

official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. In addition, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." Pennhurst, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in *federal court*. See BV Engineering v. Univ. of California, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983. Accordingly, any state agency is immune from all civil rights claims raised pursuant to § 1983. See Pennhurst, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections).

Moreover, even if plaintiff were to name other defendants who are not entitled to immunity, it is not clear to the Court what federal civil rights claims plaintiff is purporting to raise. Plaintiff states the following "facts" in her FAC: "On June 15, 2015, child #1 was removed in Las Vegas NV[;] on April 1, 2016, child #2, #3 were removed in Kiaser Perm. [sic] in Riverside, CA[;] on Aug. 31, 2017, child #2, #3 were removed from home in San Jacinto, CA." (ECF No. 11 at 5). No specific claims are set forth in the FAC. Plaintiff merely references "violations of civil, human rights" (*id.* at 3), and a "severance of this family bond" (*id.* at 5), but it is not clear what federal civil rights claims plaintiff is intending to raise. Further, to the extent that plaintiff may be alleging that a child or children were removed in violation of state law, pursuant to 28 U.S.C. § 1331, this Court does not have original jurisdiction of any claim that does not arise "under the Constitution, laws, or treaties of the United States." "'Federal courts are courts of limited jurisdiction,' possessing

'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992). In addition, a plaintiff must present a federal question on the face of a complaint. See Rivet v. Regions Bank of La., 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under §1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). Further, a "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to support the court's jurisdiction Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). **Here, it does not appear that the face of the FAC presents a federal question and, moreover, the only named defendant is immune from any federal civil rights claims that plaintiff may be purporting to raise**.

Accordingly, to the extent that plaintiff may be intending to allege a federal civil rights claim against any individual defendant who is not immune from suit, plaintiff should set forth factual allegations that such individual took an affirmative action, participated in the action of another, or failed to take an action that he or she was legally required to do that *caused* a constitutional violation. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived her of a right guaranteed under the United States Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that **causes** the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). As the Supreme Court has made clear, plaintiff must plead "more than labels and

conclusions." Twombly, 550 U.S. at 555.

Accordingly, it is not clear to the Court what the legal or factual basis may be for any federal civil rights claim that plaintiff may be raising, nor is it clear what defendant plaintiff wishes to raise any federal civil rights claim against. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. Further, the Court may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal theory supporting the claim alleged. See Johnson v. City of Shelby, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (*per curiam*) (noting that the Fed. Rules of Civ. Proc. "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted"). That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); see also Noll, 809 F.2d at 1448 ("courts should not have to serve as advocates for *pro se* litigants").

Although plaintiff need not set forth detailed factual allegations, she must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555-56). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. Id. (alteration in original, internal quotation marks omitted). In its present format, it is not clear what factual allegations support any federal civil rights claim against any defendant.

Therefore, the Court finds that plaintiff's FAC fails to comply with Rule 8 and fails to state a claim on which relief may be granted.

************

**If plaintiff desires to pursue this action, she must file a Second Amended Complaint no later than June 20, 2018;** the Second Amended Complaint must bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other pleading, attachment or document. Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date

the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that she wishes to assert in a Second Amended Complaint.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

**Further, plaintiff is admonished that, if she fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.**

As the District Judge previously advised plaintiff, the U.S. District Court for the Central District of California operates a *pro se* clinic at the Santa Ana Federal Courthouse for parties proceeding without an attorney. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, CA. More information can be found at http://court.cacd.uscourts.gov/cacd/ProSe.nsf and selecting "*Pro Se* Clinic - Santa Ana."

In addition, if plaintiff no longer wishes to pursue this action, she may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: May 22, 2018

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE